UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:

ROBERT G. LEUNG,                                  Chapter 7
     DEBTOR                                      Case No. 05-18073-WCH

_____

JOSEPH BRAUNSTEIN, CHAPTER 7
TRUSTEE,
     PLAINTIFF,                                  Adversary Proceeding
v.                                                No. 07-1364
ROBERT G. LEUNG AND
MARIA LEUNG,
     DEFENDANTS

_____

**MEMORANDUM OF DECISION REGARDING**
**MOTION TO COMPEL ABANDONMENT**

I. <u>**INTRODUCTION**</u>

The matters before the Court are Robert G. Leung's (the "Debtor") Motion to Compel Abandonment of Real Estate Known as 46 Joan Drive Quincy, Massachusetts ("Motion to Compel"), the Trustee's Motion to Alter or Amend February 12, 2008 Judgment ("Motion to Alter"), and the Defendants' Motion to Vacate State of Judgment Pending Determination of Motion to Amend Judgement, and Pending Appeal ("Motion to Vacate"). The central issue presented in these motions is whether the estate retains an interest in real estate after the homestead exemption claim of the Debtor has been satisfied. For the reasons set forth below, I conclude that the estate retains an interest in the real estate and will enter orders denying all three motions.

1

## II. <u>BACKGROUND</u>

The Debtor filed for relief on September 6, 2005.  In Schedule A of his petition, he listed an

interest in real estate located in Quincy, Massachusetts (the "Property") which he owns with his wife

in a tenancy by the entirety.  He disclosed that the Property had a fair market value of $500,000 and

was subject to a mortgage of $85,000.  He claimed his share was worth $207,500.   In Schedule C,

he claimed an exemption in the Property under Mass. Gen. Laws. ch. 188, § 1 in the amount of

$187,000.  Joseph Braunstein (the "Trustee") was appointed Chapter 7 trustee and objected to the

Debtor's claim of exemption in the Property on the grounds that the Debtor's exemption had to be

capped under 11 U.S.C. § 522(p) as the Debtor had acquired his interest in the Property within 1,215

days prior to his bankruptcy filing.  On December 6, 2006, I sustained the Trustee's objection.[1]

While the case was open and without Court authority, the Debtor and his wife granted a

mortgage on the Property in exchange for a loan of $332,500 in April, 2007.  The couple applied a

portion of the proceeds to satisfy the existing mortgage.  Pursuant to an agreement between the

couple's attorney and the Trustee, the Debtor and his wife placed $186,000 into escrow pending the

resolution of the matters described herein.  In September, 2007, the Trustee filed a complaint in

which he argued that the Debtor retained an exemption in the Property and that half of the loan

proceeds, or $166,250 were property of the estate. *See* Adversary Proceeding No. 07-1364.[2]  The

complaint contained three counts, one for turnover of the loan proceeds, one to avoid the post-

---

[1]My decision regarding the Debtor's exemption is set forth in *In re Leung*, 356 B.R. 317 (Bankr. D. Mass. 2006) (applying statutory cap as transfer from wife to husband and wife within applicable period reflected debtor acquired interest in property).

[2]The Trustee has filed a separate action against the Debtor and his wife to recover an alleged fraudulent conveyance.  *See* Adversary Proceeding No. 07-1168.

petition transfer and a third seeking a determination as to the rights of the parties to the loan

proceeds.

The parties filed cross motions for summary judgment.  In his motion, the Debtor asserted

that the issue before the Court was the determination of how much of the escrowed funds were estate

property.  To determine this amount, the Debtor argued that the Court would have to subtract from

the fair market value of the Property on the date of the refinancing the outstanding liens and then

divide that sum in half to arrive at the figure of $168,250.  The difference between that amount and

the Debtor's capped homestead represented the estate's interest.  The Debtor argued that he was

entitled to retain $125,000 in the proceeds of the refinancing as the transformation of his exemption

from an interest in the Property to an interest in the proceeds of the refinancing did not effect his

entitlement to the payment.  In his opposition and cross-motion for summary judgment, the Trustee

disagreed.  He argued that the exemption could not apply to loan proceeds when the Debtor and his

wife continued to live at the Property and had not released their homestead.

At the hearing on the cross-motions for summary judgment, the parties agreed that the sole

issue before the Court was what amount of proceeds from the refinancing were non-exempt estate

property.  Relying in part on *Pasquina v. Cunningham (In re Cunningham),* 2008 WL 171084 (1st

Cir. 2008), I ruled that of the loan proceeds, $43,250 was property of the estate and that the

remainder of the loan proceeds was exempt and did not constitute property of the estate.  The order

granting summary judgment for the Debtor (the "Judgment") provided, in part, as follows:

> Judgment shall enter for Plaintiff and against Defendants on Count III of the Complaint,
> declaring that only $43,250 of the interest of the Debtor Robert G. Leung (the "Debtor")
> in the net proceeds from the refinancing of the Defendants' real property located at 46
> Joan Drive, Quincy, Massachusetts (the "Loan Proceeds") is non-exempt property of the
> bankruptcy estate; and that the remainder of Debtor's interest in the Loan Proceeds is

exempt, and does not constitute property of the Estate of the [Debtor].

Judgment, ¶ 2.

Shortly thereafter, the Debtor filed the Motion to Compel in the main case. The Debtor argued that the Judgment determined "that $43,250 of the proceeds from the refinancing were non-exempt property of the Estate. This Order of Judgment was entered on allowance of Mr. Leung's motion for summary judgment filed in that proceeding, which calculated the value of the Trustee's non-exempt interest in the real estate as $43,250 . . . ." Motion to Compel, ¶ 5. Because the estate has no further interest in the Property, asserted the Debtor, it is of inconsequential value and the Trustee must abandon the Property.

The Trustee filed an objection to the Motion to Compel in which he argued that the payment he received represented a portion of his interest in the Property and that the estate continued to retain an interest in the Debtor's remaining equity. The Trustee explained that for purposes of the cross-motions for summary judgment, he did not dispute the fair market value of the Property because it was not a material fact and was not one that was capable of adjudication at that stage of the case. Indeed, the Trustee asserted, while the value of an exemption may be fixed on the date a debtor files for relief, it is the asset that comes into the estate on the petition date and not just the value of the asset as it existed on that date. The distinction is important, explained the Trustee, as the Debtor continues to retain some equity in the Property after the refinancing and that equity is no longer subject to a claim of exemption as that exemption has been satisfied by the payment from the proceeds of the refinancing. Because there is equity that remains in the estate, the amount of which could not be determined until a sale or settlement, the Trustee is entitled to obtain that equity and make it available to creditors.

Subsequently, the Trustee filed Trustee's Motion for Stay of Judgment Pending Determination of Motion to Amend Judgment, and Pending Appeal ("Stay Motion") in the Adversary Proceeding.   In it, the Trustee sought to stay the disbursement of the proceeds of the escrow account that remained after the Trustee was paid $43,250 until his appeal of the Judgment was considered.  The Debtor did not file an objection and I granted the motion. The Debtor then filed the Motion to Vacate arguing that there are no grounds upon which the Trustee could prevail in his appeal or his attempts to vacate the Judgment as the rulings in the Judgment were a matter of black letter law.  In this motion, the Debtor wrote extensively regarding the effect of claiming a homestead exemption and the protection this exemption must receive post-petition. The Trustee objected to this motion and argued that the Debtor has not met the standard for reconsideration of the order imposing the stay.  To the contrary of the Debtor's arguments, the Trustee asserted the legal issue presented regarding a claim of homestead exemption in loan proceeds is a matter of first impression in this district.

After the Judgment entered, the Trustee also filed his Motion to Amend. In his motion to amend, the Trustee argued that *In re Cunningham* was distinguishable because in that case, the debtor had sold the real estate to which the homestead attached.  In this case, the Debtor continues to own the Property and he has not released his estate of homestead.  The Trustee asserted that a mortgage is not the functional equivalent of a deed.

The Debtor filed an objection to the Motion to Amend in which he argued that the Trustee had not met the standard for such a motion and was only rehashing arguments he made earlier.  The Debtor contends that exemptions are fixed on the date of the filing, removing the exempt property from the estate, and that any post-petition transformations in exempt property does not cause the

exempt property to be returned to the estate.  He contends that this principle is supported by a great

amount of case law.

I held a hearing on the Motions to Compel, Amend and Vacate.  At the hearing the Debtor

explained that in bringing his motion for summary judgment, he had tried to obtain a ruling setting

the value of the Trustee's interest and settling any further claim the Trustee would have in the

Property.  While he appeared to acquiesce to the Trustee's argument that the Trustee retained an

interest in the Property, he offered that it "defied logic" to think that the Trustee could hold a case

open indefinitely in order to capture any further equity. The Trustee agreed with the Debtor that

exemptions are set on the petition date but clarified that it is only the estate's interest and not the

value of that interest that is set on the petition date.  After considering all of these motions at a

hearing, I took the matters under advisement.

## III.  ANALYSIS

With respect to the Motion to Compel,  a court "may order the trustee to abandon any property

of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the

estate." 11 U.S.C. § 554(b).  The Debtor argues that the Property is of inconsequential value because

the effect of the Judgment was to remove the Property from the estate.  The Trustee argues that all

that was removed was $125,000 in equity and that one half of the remaining equity above the

consensual lien belongs to the estate and should be available for him to administer.  Therefore, the

issue before the Court is whether all of the equity has been removed from the estate and the Property

should be abandoned or whether there is equity in the Property that the Trustee can administer.   To

answer that question, I must first start by determining what interest the estate has in the Property.

The Debtor argues that pursuant to his argument in his motion for summary judgment and the

Judgment, I determined the extent of the estate's interest in the Real Estate.  In this regard, he is

incorrect.  While in his motion for summary judgment he argued that the equity remaining in the

Property after the refinancing was no longer property of the estate, this is not the argument that he

pursued at oral argument and that is not what I ordered in the Judgment.  In the Judgment, I ruled

simply what portion of the refinancing proceeds were exempt and not exempt.  I made no ruling about

the remaining equity in the Property.

In a recent decision, I was called upon to discuss a similar issue. *In re McCabe,* 356 B.R. 314,

316-7 (Bankr. D. Mass. 2006).  In determining what is property of the estate, I wrote:

> Once a debtor files for relief, an estate is created.  11 U.S.C. § 541.  A debtor may
> exempt property from the estate.  11 U.S.C. § 522(b)  If a debtor claims an exemption in
> an asset which is property of the estate and no party files a timely objection to that
> exemption, the asset is exempt.  11 U.S.C. § 522 (l).  The Supreme Court explained that
> an exemption "is an interest withdrawn from the estate (and hence from the creditors) for
> the benefit of the debtor."  *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 114
> L.Ed.2d 350 (1991).  *See also Bell v. Bell (In re Bell)*, 225 F.3d 203, 215-6 (2nd Cir.
> 2000) ("Quite simply, property that has been exempted belongs to the debtor."), *Gamble
> v. Brown (In re Gamble)*, 168 F.3d 442, 444 (11th Cir. 1999) ("The plain language of the
> bankruptcy code and precedent from this court are clear that exempt property is no longer
> part of the bankruptcy estate, and is available for the debtor's use."), *Abramowitz v.
> Palmer*, 999 F.2d 1274, 1276 (8th Cir. 1993) (ruling asset "fell out" of estate after
> exemption objection deadline expired)*,  In re Yonikus*, 996 F.2d 866, 870 (7th Cir. 1993)
> ("After an asset is property of the estate that was not excluded from the estate, it can still
> pass out of the estate (and thus out of the reach of creditors) as a qualified exemption
> under 11 U.S.C. § 522."), *Taylor v. Freeland & Kronz*, 938 F.2d 420, 422 (3rd Cir. 1991)
> ("When a claimed exemption is upheld by the court, the property so exempted is no
> longer considered property of the bankruptcy estate."), *aff'd* 503 U.S. 638, 112 S.Ct.
> L.Ed.2d 280 (1992).

*In re McCabe,* 356 B.R. 314, 316-7 (Bankr. D. Mass. 2006) (footnote omitted).

The Debtor relied on much of the case law quoted above in support of his argument that  the

effect of the determination of his exemption and the Judgment was that his interest in the Property

ceased to be property of the estate.  For additional support he relied on cases such as *Cunningham*,

*Reed v. Yochem (In re Reed)*, 184 B.R. 733 (Bankr. W.D. Tex. 1995) and *In re Hyde*, 334 B.R. 506

(Bankr. D. Mass. 2005).  Those cases stand for the proposition that the date for determining if an

exemption exists is the petition date and a valid exemption cannot be used to satisfy a pre-petition

claim even if the asset upon which the exemption is imposed is transformed into cash.  In these cases,

however, the value of the exemption exceeded or equaled the value of the asset.  Therefore, those

cases do not stand for the proposition that once a debtor has claimed an exemption of a certain dollar

amount, the asset is no longer property of the estate even though the value of the asset is higher than

the claimed exemption.

While the Debtor expressed outrage that the Trustee was ignoring the foregoing black letter

law, he would have benefitted from what I wrote next in *McCabe*: "Certainly, if there is any equity

in an asset after deducting the liens and the exemption, it remains property of the estate. *Id*. at 316.

In support, I cited to *In re Barksdale*, 281 B.R. 548, 552 (Bankr. D.N.J. 2002) ("Thus the debtor's

residence, to the extent that it exceeds the amount of the exemption claimed, remains property of the

estate.").  Other courts have ruled similarly.  *See e.g. Klein v. Chappell (In re Chapell)*, 373 B.R. 73

(B.A.P. 9th Cir. 2007) (ruling debtors' exemption was for dollar amount, not for asset itself and

reviewing history of such rulings in Ninth Circuit)*; Vu v. Kendall (In re Viet Vu)*, 245 B.R. 644, 647

(B.A.P. 9th Cir. 2000) ("The Ninth Circuit has consistently held without limitation that under §

541(a)(6), the estate is entitled to postpetition appreciation."); *In re Cormier*, 382 B.R. 377, (Bankr.

W.D. Mich. 2008) (ruling debtors entitled to exempt only the amount of the exemption and not the

asset in its entirety); *In re Raffone*, 381 B.R. 30, 35-37 (Bankr. D. Conn 2008); *In re Ruppel*, 368 B.R.

42, 44 n. 3 (Bankr. D. Or. 2007) ("If property has value beyond the amount exempted, however, or

if it appreciates beyond the exempt amount post-petition, the nonexempt amount is property which

may be administered by the trustee."); *In re Farthing*, 340 B.R. 376, 380 (Bankr. D. Ariz. 2006) ("The house itself, as distinguished from the Debtors' inchoate interest in a portion of its possible proceeds, remained property of the estate."); *In re Jones*, 357 B.R. 888, 896 (Bankr. M.D. Ga. 2005) ("if the debtor . . . claims an exemption of $5,000, then the debtor will be limited to the dollar amount claimed, and any net proceeds including appreciation will benefit the bankruptcy estate.") *In re Kuhn*, 322 B.R. 377, 388 (Bankr. N.D. Ind. 2005) ("the Court concludes that Jess claimed 100% of the $7,500 exemption pursuant to I.C. 34-55-10-2(B)(1), and not 100% of the value of the property."); *In re Bregni*, 215 B.R. 850 (Bankr. E.D. Mich. 1997) (denying motion to compel abandonment as debtors were not entitled to equity in excess of liens and fixed exemption).[3]

The Debtor has obtained satisfaction of his claim for an exemption in the Property and can no longer assert that claim with respect to any equity that remains. The Debtor has not offered any information as to the present value of the Property and has failed to show that the estate's interest in the Property is inconsequential or unduly burdensome. Having failed to meet his burden for an order of abandonment, I will enter an order denying the Motion to Compel.[4]

With respect to the Motion to Vacate and the Motion to Amend, I have often ruled that a party

---

[3]As another example of his failure to take the next step in his argument, the Debtor placed great emphasis on *In re Hyde* to support his argument that exempt property cannot return to the estate. While Judge Feeney did so rule, the Debtor ignored that Judge Feeney cited to *In re Farr*, 278 B.R. 171 (B.A.P. 9th Cir. 2002), which held that under the plain meaning of § 522(c), "property exempted" is limited to the dollar amount of the claimed exemption.

[4]During the hearing on these pleadings, the Debtor insisted that the Property had no value as it "defies logic" that the Trustee could keep a case open indefinitely in order to capture any remaining equity. With this argument, however, he fails to recognize that such an outcome is not permitted under the Code. *See, e.g.,* 11 U.S.C. § 704(a)(1). *See also, Frostbaum v. Ochs*, 277 B.R. 470 (Bankr. E.D. N.Y. 2002).

seeking reconsideration must demonstrate newly discovered evidence or demonstrate a manifest error

of fact or law.  *See, e.g., In re Wedgestone Fin.*, 142 B.R. 7, 8 (Bankr. D. Mass.  1992).  Both the

Debtor and the Trustee failed to demonstrate in their motions any newly discovered evidence or

manifest error of law or fact.  Much of their arguments addressed the issue of who had an interest in

the remaining equity of the Property.  I have already answered this issue.  Therefore, I will enter an

order denying these motions.

## IV.  CONCLUSION

For the reasons set forth herein, I will enter orders denying the Motion to Compel, the Motion

to Vacate and the Motion to Amend.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: April 8, 2008